IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-02-00345-CV

 

In the Interest of 

S.A.P., a Child,

                                                                      Appellant

 

 



From the 19th District Court

McLennan County, Texas

Trial Court No. 2001-1889-1

 



dissenting Opinion










 

          There is much that I could say about
the majority’s opinion.  I could detail their hostility generally to
termination suits.  I could discuss the structure and presentation of the
evidence in the opinion to push the reader to the result.  I could discuss the
long effort to ever so subtly shift the standard of review.  But it would not
matter.

          You see, what matters here is that
they disagree with the jury, the trial judge, and me and have reversed this
case on an issue, factual sufficiency, that makes it almost impossible for
review because the Texas Supreme Court does not have jurisdiction to review a
factual sufficiency determination.  I do believe that the standard of review,
while carefully quoted and discussed, was not properly applied.  But because of
the way the opinion is constructed, it is difficult to identify what evidence
was disputed, if any, what evidence was undisputed, and upon what factor or
element the evidence was applicable or considered by the majority.  The primary
shortcoming in the opinion is the failure to segregate or identify the disputed
evidence that a reasonable fact finder could not have reasonably resolved in
favor of the jury’s answer, which evidence is what shifts the jury’s answer
from being a finding supported by legally sufficient evidence to an answer not
supported by factually sufficient evidence.  In the Interest of M.A.H.,
2004 Tex. App. LEXIS 6913, *15-22 (Tex. App.—Waco  July 28, 2004, no pet.); see
In the Interest of C.H., 89 S.W.3d 17 (Tex. 2002).

          Just dumping all the evidence out in
the opinion and then drawing the conclusion desired for the result hardly
complies with the express requirement of In the Interest of J.F.C. to
“detail in its opinion why it has concluded that a reasonable factfinder could
not have credited the disputed evidence in favor of the finding.”  In the
Interest of J.F.C., 96 S.W.3d 256, 267 (Tex. 2002).  After all, the only
difference in a legal sufficiency review and a factual sufficiency review in a
termination case is how the disputed evidence is evaluated – and, of course,
the inability of the Texas Supreme Court to conduct a factual sufficiency
review.

          When this case left here the first
time, almost 16 months ago, I felt fairly certain that it would come back, and
even more certain that if it did, I would again have to dissent.  But today, I
fear that S.A.P.’s fate, which has been cast into uncertainty by two judges who
have simply reweighed the evidence, will be to languish longer in that
uncertainty.

          Upon the same record that the majority
has reviewed, indeed even as the facts are presented in this opinion to push
the reader to their desired result, I have no trouble in determining that the
evidence is such that a fact finder could reasonably form a firm belief or
conviction about the truth of the State’s allegations.  In the Interest of
J.F.C., 96 S.W.3d 256, 266 (Tex. 2002); In the Interest of C.H., 89
S.W.3d 17, 25 (Tex. 2002).

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Dissenting opinion delivered and filed June 22,
2005